IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL EDISON HOPEWELL                                PLAINTIFF

v.                                Civil No. 13-2085

S. RYAN NORRIS                                                    DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Michael Edison Hopewell, is currently incarcerated in the Crawford County Detention Center. He has submitted for filing this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint, Samuel Ryan Norris, a public defender, was appointed to represent Hopewell in connection with three counts of rape. Hopewell indicates he has seen Norris only two times outside the courtroom.

Hopewell indicates he has attempted to "fire" Norris but Judge Medlock refused to provide him with a different public defender. At a hearing in which he requested different counsel, Norris asserted that he knew the details of Hopewell's case and proceeded to tell the entire courtroom the details. Additionally, Hopewell states that Norris presented him a plea bargain prior to Hopewell having seen the discovery materials. Hopewell alleges he was not able to decide whether he should

go to trial. In short, Hopewell believes Norris' conduct amounts to the ineffective assistance of counsel.

### 2. Discussion

Hopewell's case is subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Neither private attorneys or public defenders act under color of law and are not subject to suit under § 1983. DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). Defendant was not acting under color of state law while representing Plaintiff in his criminal proceeding. See e.g., Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); DuBose, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); Dunn v. Hackworth, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

### 3. Conclusion

For the reasons stated, I recommend that the motion to proceed *in forma pauperis* be denied and the case be dismissed with prejudice as the claims are frivolous. Despite the dismissal, Hopewell should still be assessed the full filing fee because the Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-530 (8th Cir. 1997). Further, the dismissal of this case will

constitute a strike and the Clerk should be instructed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25 day of March 2013

*/s/ JMarschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**MAR 2 5 2013**

CHRIS R. JOHNSON, Clerk
By
  Deputy Clerk